```
                IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>    v.<br><br>WILLIAM OSCAR HARRIS,<br><br>            Defendant. | HONORABLE JEROME B. SIMANDLE<br><br>   Criminal Action<br>   No. 03-354-01 (JBS)<br><br>**OPINION** |

APPEARANCES:

William Oscar Harris, pro se
No. 40743050
P.O. Box 33
Terre Haute, IN 47808

Norman Gross, AUSA
Robert Stephen Stigall, AUSA
Office of the U.S. Attorney
District of New Jersey
401 Market Street
P.O. Box 2098
Camden, NJ 08101
     Attorneys for the United States

**SIMANDLE, Chief Judge:**

    This matter comes before the Court on Defendant William Oscar Harris' "motion for relief from void judgment" and "motion for preliminary injunction and order to show cause" [Docket Item 570], as well as his "motion for stay" [Docket Item 572.] Defendant asserts that his conviction is void because he "never acceded knowingly or otherwise to the territorial and personal jurisdiction of this Court." He seeks an order enjoining Eric H.

Holder, Charles E. Samuels, Jr., and Leann LaRiva "from violating and trampling upon" his civil rights. Defendant also asks that the Court hold in abeyance his motion for relief from judgment and issue an order compelling arbitration between him and above-named individuals. The government opposes Defendant's motion for relief from judgment. [Docket Item 571.] For the reasons discussed below, the Court will deny Defendant's motions.

The Court has detailed the lengthy history of this complex criminal case in several prior opinions.[1] It is sufficient to note that this case involves nine defendants, all American-born, but all alleged members of an organization called the Al Moroccan Empire or Moors, who were charged with conspiracy to produce and pass, and with producing and passing, false and fictitious money orders purporting to be authorized by the United States Department of Transportation and the United States

---

[1] See, e.g., United States v. Harris, Crim. 03-354 (JBS), 2008 WL 482347 (D.N.J. Feb. 20, 2008), aff'd, 582 F.3d 512 (3d Cir. 2009) (denying Defendant Harris' motion to terminate sentence for civil contempt); United States v. Wooten, Crim. 03-354-03 (JBS), 2004 WL 2064894 (D.N.J. Aug. 30, 2004), aff'd sub nom. United States v. Harris, 271 F. App'x 188 (3d Cir. 2008) (denying Defendant Wooten's motion for new trial); United States v. Harris, 332 F. Supp. 2d 692 (D.N.J. Aug. 18, 2004) (denying Defendant Harris' motion to require indictment of the sentencing factors charged against them); United States v. Harris, Crim. 03-354, 2003 WL 23602548 (D.N.J. Aug. 14, 2003) (concluding that Defendants Harris, Wooten, Outterbridge, and McCurdy could not represent themselves pro se and memorializing their civil contempt at hearing).

Department of the Treasury in amounts which total more than ten-million dollars, in violation of 18 U.S.C. § 371 (conspiracy Count 1) and 18 U.S.C. §§ 514(a)(2) and 2 (substantive Counts 2-25). On June 7, 2004, the trial commenced as to Defendant Harris and four other defendants, and on July 2, 2004, the jury found Defendant Harris and the other four defendants guilty on all counts.

Following a sentencing hearing on October 22, 2004, this Court sentenced Harris to 188 months of incarceration, five years of supervised release, a fine of $17,500, and restitution of $91,977. [Docket Item 380.] Defendant's period of incarceration was to commence after his confinement for civil contempt. United States v. Harris, 582 F.3d 512, 514 (3d Cir. 2009). The Third Circuit affirmed this Court's judgment of sentence as to Defendant Harris, as well as this Court's denial of his motion to vacate the order of civil contempt. Id. at 513. Harris never filed a motion for relief under 28 U.S.C. § 2255.

Defendant's motion for relief from judgment is both procedurally defective and substantively deficient. "Rule 60(b) cannot be used as an independent means to relieve a defendant of a judgment in a criminal case[] because the Federal Rules of Civil Procedure are not applicable to criminal cases." Gray v. United States, 385 F. App'x 160, 162 (3d Cir. 2010). Thus, a district court's refusal to consider a motion for relief from a

judgment in a criminal case under Rule 60(b), Fed. R. Civ. P., is proper. Id. Rule 60(b) does not confer jurisdiction upon this court to entertain defendant's challenge to his criminal conviction.

Even if the Court were to construe Defendant's motion for relief from judgment as a motion under 28 U.S.C. § 2255 or § 2241, it lacks merit and must be dismissed.[2] It is apparent that Defendant's motion is based on the belief that he and his co-defendants are sovereigns of an empire that predates the United States and that the United States cannot subject them to its criminal laws. This Court has addressed on numerous occasions its jurisdiction over Mr. Harris who was accused of committing

---

[2] Defendant expressly states that this matter "is NOT being brought forward to this Court pursuant to 28 U.S.C. §§ 2241 and/or 2255 or otherwise to attack a criminal sentence imposed by this Court." Nevertheless, it is clear that Defendant seeks to challenge the validity of his federal conviction and/or sentence, which generally must be brought under 28 U.S.C. § 2255. See Jackman v. Shartle, 535 F. App'x 87, 88 (3d Cir. 2013) (per curiam) (citing Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002)). Here, the Third Circuit affirmed Defendant Harris' sentence on March 31, 2008. [Docket Item 532.] His judgment of conviction became final 90 days hence. See Kapral v. United States, 166 F.3d 565, 577 (3d Cir. 1999). As such, Defendant is well beyond the one-year statute of limitations under § 2255 and any petition thereunder is thus untimely. Additionally, Defendant has not shown that the remedy under § 2255 is "inadequate or ineffective." See 28 U.S.C. § 2255(e); Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 539 (3d Cir. 2002) ("Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of . . . § 2255.").

federal crimes in this district. It remains a frivolous argument, since Congress has conferred upon this District Court and its Article III judges the power to adjudicate federal criminal offenses alleged by the United States.[3] See U.S. Const. Art. III, § 1 ("The judicial power of the United States, shall be vested in one supreme Court, and in such inferior Courts as the Congress may from time to time ordain and establish."); 18 U.S.C. § 3231.[4] Accordingly, Defendant's motion for relief from judgment based on lack of jurisdiction is meritless.[5]

---

[3] This Court previously rejected Harris' jurisdictional challenge in its Opinion Regarding Jurisdiction, Aug. 15, 2003. [Docket Items 101 & 102.]

[4] Harris, in his reply [Docket Item 574], relies on 40 U.S.C. §§ 3111 and 3112 and argues that the Government "never established how the federal enclave, the United States District of New Jersey, obtained its land from New Jersey state to establish its jurisdiction to institute a federal criminal prosecution against HARRIS, while he was at all times during the alleged criminal acts . . . at either his office in Atlantic City . . . or at his home/office in Brigantine, Atlantic County, New Jersey." The "enclave jurisdiction" of the United States is wholly irrelevant in the present case because none of the charges relied on the government's enclave jurisdiction. See United States v. Davis, 726 F.3d 357, 363 (2d Cir. 2013) (discussing sufficiency of evidence to establish government's enclave jurisdiction).

[5] Even if Rule 65, Fed. R. Civ. P., applied to this matter, which it does not, Defendant's baseless assertions regarding jurisdiction are inadequate to show entitlement to a preliminary injunction. A preliminary injunction "is an extraordinary remedy . . . which should be granted only in limited circumstances." Am. Tel. & Tel. Co. v. Winback & Conserve Program, Inc., 42 F.3d 1421, 1427 (3d Cir. 1994) (citation omitted). It is clear, in light of the foregoing, that Defendant cannot show any likelihood of success on the merits. McNeil Nutritionals, LLC v. Heartland Sweeteners, LLC, 511 F.3d 350, 356–57 (3d Cir. 2007).

Defendant's motion for stay and to compel arbitration similarly must fail. The Court recognizes that "[a] party to a valid and enforceable arbitration agreement is entitled to a stay of federal court proceedings pending arbitration as well as an order compelling such arbitration." <u>Alexander v. Anthony Int'l, L.P.</u>, 341 F.3d 256, 263 (3d Cir. 2003). However, Defendant's contention that his frivolous arguments regarding jurisdiction are somehow subject to an arbitration agreement is absurd and legally frivolous. Certainly, he has provided no evidence of any such agreement. The requests for admission in a series of unrelated civil matters, which Defendant appends to his motion for stay, document nothing more than his ongoing efforts to harass government officials through unsupported claims and filings. Therefore, the Court will deny Defendant's motion for stay. The accompanying Order will be entered denying these motions.

**January 13, 2015**               **s/ Jerome B. Simandle**
Date                                JEROME B. SIMANDLE
                                    Chief U.S. District Judge

6