THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>WILLIAM OSCAR HARRIS, a/k/a<br>Oscaro El Hari Bey,<br><br>Defendant. | HON. JEROME B. SIMANDLE<br><br>Cr. No. 03-354-01 (JBS)<br><br>**ORDER**<br>**REGARDING PURGING OF**<br>**CIVIL CONTEMPT** |

This matter comes before the Court upon Mr. Harris' pro se filing on November 16, 2015 of a "Notice of Purgation of Civil Affirmation and Verification 28 U.S.C. § 1746(1) as to William Oscar Harris," [Docket Item 588] which appears to be in compliance with the requirement for Mr. Harris to purge his civil contempt pursuant to this Court's Order of April 22, 2004.

On October 22, 2004, Mr. Harris was sentenced to 188 months of incarceration, five years of supervised release, a fine of $17,500.00, and restitution of $91,977.00 [Docket Item 380]. The Judgment provided that Harris' period of incarceration was to commence after he purged himself of the Order of Civil Contempt. The Court of Appeals affirmed the Judgment on direct appeal, United States v. Harris, 271 F. App'x 188 (3d Cir. 2008). Similarly, the Court of Appeals affirmed this Court's Order of Civil Contempt and its requirement for the method of Mr. Harris to purge himself of the contempt, namely by refraining from the offending activity and declaring under penalty of perjury that he

would desist from resuming the offending activity.  <u>United States v. Harris</u>, 582 F.3d 512, 514 (3d Cir. 2009).

In the present application, Mr. Harris apparently seeks to purge himself of the contempt retroactively to April 27, 2004. He has utilized that date with the indication "nunc pro tunc" throughout his November 16, 2015 submission.  The actual date Mr. Harris signed these documents purporting to purge his contempt is unknown.  From the circumstances, and from the envelope that was received from his present place of confinement in Indiana in which these documents were contained on November 16, 2015, it would appear that he executed the document within the usual period for such mailings from federal prison, typically about seven days before the date it is receive in our Clerk's office. The date of purging contempt is important, of course, because that is the date on which the sentencing judgment provides that his period of criminal incarceration will begin.

To date, Mr. Harris has been confined under the civil contempt order awaiting his compliance  without receiving credit against his criminal sentence for the time he is confined in civil contempt, as provided by law.

The issue to be determined, therefore, is the date upon which Mr. Harris' purging of his civil contempt is deemed effective, so that he may begin serving his criminal sentence.

The Court, therefore, is considering several options and would welcome the parties' views:

    1.    That this purging of civil contempt be deemed effective on November 9, 2015, or such date as Mr. Harris can establish that his Affirmation Purging Civil Complaint was signed and placed in the prison mail system; or

    2.    On a date prior to 2015 and after September 23, 2009, if it can be determined that Mr. Harris' offending activity had stopped as of such date, demonstrating coercive civil contempt remedy was no longer necessary to effectuate this Court's orders.

A Court's power to enforce a civil contempt order does not necessarily end when the underlying proceeding is final and appeals therefrom are complete. United States v. Harris, 582 F.3d at 515. The Third Circuit further held that the termination of Mr. Harris' underlying criminal proceeding did not render the order of civil contempt moot. Id. at 516. The Third Circuit held that the underlying contempt order, on the merits, "is unquestionably valid and eminently appropriate," and that Harris was able to comply with the Order at any time but did not. Id. The Third Circuit also interpreted the existing contempt order as requiring "a period of inaction" [emphasis in original] as being "all that is needed to lift the contempt." Id. at 519. Since there was no "period of inaction" as of 2009 when the Third Circuit reviewed this case, the question arises whether Harris became "inactive" by discontinuation of the offending conduct at some point in time before he finally signed his Affirmation Purging Civil Contempt.

The parties are requested to address these issues before I determine the effective date of Mr. Harris' purging of contempt.

3

The effective date of purging contempt will be no earlier than September 23, 2009 (the date of filing the Third Circuit's Opinion in United States v. Harris, 582 F.3d 512) and no later than November 16, 2015 (the date Mr. Harris' filing was received by the Clerk of Court).[1]

WHEREFORE, IT IS, this   **18th**   day of **November, 2015**, hereby

**ORDERED** that the parties shall address the above issues, **in writing**, by briefs and accompanying factual certifications if necessary, filed **not later than December 16, 2015**, unless extended for good cause shown; a reply by each party will be permitted within fourteen (14) days after receipt filing of the above submissions[2]; and it is further

**ORDERED** that the Clerk of Court shall provide a copy of this Order to Mr. Harris by regular mail, since his filing was pro se; and it is further

**ORDERED** that any further submissions on behalf of Mr. Harris may come only through his attorney, Mr. Borden.

　　　　　　　　　　　　　　　　　　 s/ Jerome B. Simandle
　　　　　　　　　　　　　　　　　　JEROME B. SIMANDLE
　　　　　　　　　　　　　　　　　　Chief U.S. District Judge

---

[1] The present Order does not affect Mr. Harris' pending reconsideration motion [Docket Item 582], by which Mr. Harris sought reconsideration of the Court's Opinion and Order of January 13, 2015 [Docket Items 580 & 581], which is being addressed separately.

[2] The Court will also request the parties' views of whether a material factual dispute necessitates an evidentiary hearing.