UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY

```
_____
                               :
UNITED STATES OF AMERICA       :
                               :   Crim. No. 03-354-01 (NLH)
     v.                        :
                               :
WILLIAM OSCAR HARRIS           :   OPINION
                               :
          Defendant            :
_____:
```

**APPEARANCES:**

William Oscar Harris
#40743-050
FCI - THA
P.O. BOX 33
Terre Haute, IN 47808

    *On behalf of Defendant William Oscar Harris*

OFFICE OF THE UNITED STATES ATTORNEY
By: Jeffrey R. Bender, Assistant United States Attorney
401 Market Street, 4th Floor
Camden, New Jersey 08102

    *On behalf of the United States of America*

**<u>HILLMAN</u>, United States District Judge**

    This matter comes before this Court upon Defendant William Oscar Harris' Motion for a New Hearing, filed on January 3, 2018 [Dkt. No. 632]. Defendant seeks a new hearing on the purging of his civil contempt under Rule 33 of the Federal Rules of Criminal Procedure, on the grounds of newly discovered evidence.

Defendant also submitted a demand for the recusal of the presiding Judge at the time, and a demand for substitution of counsel.  The Government opposes Defendant's Motion and his demands, arguing that his civil contempt was purged as of June 1, 2012, as adduced at an October 16, 2016 hearing.  For the reasons stated below, Defendant's Motion and two demands will be denied.

I.   **FACTUAL AND PROCEDURAL BACKGROUND**

On May 6, 2003, Defendant Harris and several co-defendants were indicted by a grand jury in this District.  Defendant Harris was charged with one count of conspiracy to defraud the United States, in violation of 18 U.S.C. § 371, and three counts of manufacturing fictitious obligations with intent to defraud, in violation of 18 U.S.C. § 541(a) [Dkt. No. 1].  On July 2, 2004, Defendant Harris and his co-defendants were convicted of all charges after a month-long jury trial before the late Honorable Jerome B. Simandle, U.S.D.J. [Dkt. No. 290].

On October 22, 2004, Defendant was sentenced to a 188-month term of imprisonment [Dkt. No. 380].  Defendant's conviction was later affirmed by the Third Circuit. See United States v. Harris et al, No. 04-4190 (3d Cir. March 3, 2008).

During the course of pre-trial proceedings, on August 27, 2003, Judge Simandle issued an "Order Regarding Restrictions on Filings and Other Communications," enjoining Defendant Harris

2

and his co-defendants from filing baseless liens against judicial officers, employees of the United States Attorney's Office, and other individuals associated with the case [Dkt. No. 107]. Despite this Order, however, Defendant and four of his co-defendants continued to file such documents. On March 26, 2004, the Court issued an Order to Show Cause why these defendants should not be found in contempt of the Court's Order [Dkt. No. 167]. After a hearing on the matter, on April 22, 2004, the Court found Defendant Harris and four others in civil contempt of the Court's Order [Dkt. No. 192-193].

As a sanction for the on-going contempt, the Court determined that each defendant would be incarcerated until such time as he purged his contempt by acknowledging and affirming under penalty of perjury, in writing, that the filings in question were null and void and that he would not participate in such filings going forward. Id. The purge provision was later amended to allow a defendant to end contempt by demonstrating compliance if he "affirmatively ceased sending out new documents." See United States v. Harris, 582 F.3d 512, 519 (3d Cir. 2009). This sanction would go into effect for a defendant as of April 27, 2004, if he had not purged his contempt as directed by that time [Dkt. No. 192-193].

On December 5, 2017, Defendant Harris purged his contempt in the years since the Court's Order by demonstrating that he

3

had "affirmatively ceased sending out new documents," per the amended purge provision of the Court's Order. [Dkt. No. 627-628]. On January 3, 2018, however, Defendant filed the instant Motion for a New Hearing under Rule 33 of the Federal Rules of Criminal Procedure [Dkt. No. 632]. On January 11, 2018, the Government responded in opposition to Defendant's Motion [Dkt. No. 635]. On November 8, 2019, this case was reassigned to this Court following the passing of Judge Simandle [Dkt. No. 638].

## II. ANALYSIS

### a. MOTION FOR A NEW HEARING

Defendant claims that he purged his civil contempt at an earlier date than when the Government, and the late Honorable Judge Simandle, both adduced. In the instant Motion, Defendant Harris relies upon a judgment from Bailey v. Harris et al, a separate, *pro se* lawsuit venued in the District of Nevada. Defendant claims that the judgment from that case, in part, states that "[A}ll outstanding obligations due and owing to the United States, but [this Defendant] including civil contempt, emanating from [this proceeding] have been satisfied and discharged of record." [Dkt. No. 632, paragraph 3]. It is Defendant's contention that this Nevada judgment from June 21, 2017 constitutes new evidence under the doctrine of res judicata, and thus entitles him a new hearing. This is not the case.

As the Government correctly argues, the June 21, 2017 Order from the Nevada court adopted a Magistrate Judge's Report and Recommendation. The Order that Defendant cites dismissed the Nevada case for lack of an actual dispute. Bailey, Civ. No. 15-2279 (D. Nev.), [Dkt. No. 23]. Nothing from the Order issued in the Nevada case constitutes new evidence that can be applied in this instant case. Defendant's Motion for a New Hearing will therefore be denied.

### b. DEMAND FOR JUDGE'S RECUSAL

Defendant's Demand for Judge's Recusal [Dkt. No. 633], filed on January 3, 2018, will also be denied. Defendant fails to raise a sufficient argument for his claim of bias and prejudice as to the late Honorable Jerome B. Simandle. His claim of a conflict of interest is similarly baseless, as he relies upon a filing from the Nevada case labeling Judge Simandle and Defendant's attorney, Mr. Edward F. Borden, Jr., as "ADDITIONAL TORTFEASORS AS PARTIES IN PRIVITY." Bailey, Civ. No. 15-2279 (D. Nev.), Dkt. No. 10, attachment 2, page 30 of 35. Defendant's argument does not support a recusal. Moreover, this case has been reassigned to the undersigned after Judge Simandle's passing. Defendant's demand will be denied as moot.

### c. DEMAND FOR SUBSTITUTION OF COUNSEL

Defendant's Demand for Substitution of Counsel [Dkt. No. 634] on January 3, 2018, will also be denied. As cited above,

the Nevada filing does not support a finding of a conflict of interest on the behalf of Mr. Borden. Defendant's demand will be denied.

### III. CONCLUSION

For the reasons expressed herein, the Court will deny Defendant's Motion for a New Hearing and deny his demands for judicial recusal and for a new attorney. An Order consistent with this Opinion shall issue on this date.

DATED: March 25, 2021

At Camden, New Jersey

s/ Noel L. Hillman
NOEL L. HILLMAN, U.S.D.J.